IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NIKKCO L. FORTNER )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RACHEL L. LEVINE, M.D., SECRETARY )<br>U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, )<br>CENTERS FOR MEDICARE & MEDICAID SERVICES, )<br>)<br>SERVE:   Secretary Rachel L. Levine )<br>200 Independence Ave., S.W. )<br>Washington, D.C.  20201 )<br>)<br>MERRICK E. GARLAND )<br>ATTORNEY GENERAL OF THE UNITED STATES )<br>UNITED STATES DEPARTMENT OF JUSTICE, )<br>)<br>SERVE:   Attorney General Merrick E. Garland )<br>950 Pennsylvania Ave., N.W. )<br>Washington, D.C.  20530 )<br>)<br>SAYLER A. FLEMING )<br>UNITED STATES ATTORNEY )<br>EASTERN DISTRICT OF MISSOURI, )<br>)<br>SERVE:   U.S. Attorney Sayler A. Fleming )<br>Rush H. Limbaugh, Sr. U.S. Courthouse )<br>555 Independence St. )<br>Cape Girardeau, MO  63703 )<br>)<br>and )<br>)<br>JENNIFER TIDBALL, DIRECTOR )<br>MISSOURI DEPARTMENT OF SOCIAL SERVICES )<br>MO HEALTHNET DIVISION, )<br>)<br>SERVE:   Director Jennifer Tidball )<br>Broadway State Office Building )<br>221 West High Street, Room 240 )<br>Jefferson City, MO  65101 )<br>)<br>and )<br>)<br>MISSOURI DELTA MEDICAL CENTER )<br>)<br>SERVE:   GENERAL MANAGER ) | Case No. _____ |

|   |   |
|---|---|
| 1008 N. Main | ) |
| Sikeston, MO 63801 | ) |
|  | ) |
| and | ) |
|  | ) |
| CARY SANDERS, M.D. | ) |
| 201 Plaza Dr. | ) |
| Sikeston, MO 63801 | ) |
|  | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Nikkco L. Fortner by and through her attorney Daniel H. Rau of Lanzotti & Rau, LLC and for this Complaint against U.S. Department of Health & Human Services, Centers for Medicare & Medicaid (hereinafter Defendant Medicare), Missouri Department of Social Services, MO Healthnet Division (hereinafter Defendant Medicaid), Missouri Delta Medical Center (hereinafter Defendant MoDelta) and Defendant Cary Sanders, M.D. (hereinafter Defendant Dr. Sanders) states as follows:

## COUNT I

1. Plaintiff Nikkco L. Fortner was involved in a motor vehicle accident on May 10, 2012, during which she sustained bodily injuries and damages.

2. Treatment for said bodily injuries was provided by various medical providers, including but not limited to Defendant MoDelta and Defendant Dr. Sanders, and the costs for such medical services were covered via Defendant Medicare and Defendant Medicaid or remain owed.

3. Plaintiff hired the law firm of Lanzotti & Rau, LLC to pursue her claim for damages from said motor vehicle accident.

4. The insurance carrier providing coverage for the tortfeasor responsible for the injuries and damages sustained by Plaintiff in said motor vehicle accident is State Farm.

2

5. State Farm has tendered the policy limit for its liability coverage available for it to pay as and for the injuries and damages sustained by the Plaintiff in said motor vehicle accident in the amount of Fifty Thousand Dollars ($50,000.00).

6. State Farm has tendered the policy limit for its medical payments coverage available for it to pay as and for the injuries and damages sustained by the Plaintiff in said motor vehicle accident in the amount of One Thousand Dollars ($1,000.00).

7. There is no reasonable likelihood that the Plaintiff could recover from the tortfeasor that caused her injuries and damages any more than the total of the insurance proceeds tendered.

8. Both Defendant Medicare and Defendant Medicaid have claimed liens against the insurance proceeds.

9. Both Defendants MoDelta and Dr. Sanders have claimed liens against the insurance proceeds pursuant to the Medical Provider Lien Statute of the State of Missouri.

10. The Plaintiff also has a claim to the insurance proceeds.

11. Defendant Medicare provided notice of its lien to Lanzotti & Rau, LLC via a conditional payment letter on December 29, 2015, in the amount of Thirty Two Thousand Seven Hundred Thirteen Dollars and Ninety-Nine Cents ($32,713.99). A copy of such conditional payment letter is attached hereto as Exhibit A and is incorporated herein by reference.

12. Defendant Medicaid provided notice of its lien to the Plaintiff in the amount of Eleven Thousand One Hundred Ten Dollars and Eleven Cents ($11,110.11). A copy of such notice is attached hereto as Exhibit B and is incorporated herein by reference.

3

13. Defendant MoDelta provided notice of its lien to Lanzotti & Rau, LLC via a lien letter on October 28, 2015, in the amount of Thirty Thousand Sixty-One Dollars and Fifteen Cents ($30,061.15). A copy of such lien letter is attached hereto as Exhibit C and is incorporated herein by reference.

14. Defendant Dr. Sanders provided notice of its lien to State Farm via lien letter on June 13, 2012, in the amount of Four Hundred Thirty-One Dollars and Fifty Cents ($431.50). A copy of such lien letter is attached hereto as Exhibit D and is incorporated herein by reference.

15. Plaintiff entered into a contact with Lanzotti & Rau, LLC to pay it at the rate of one-third of the gross recovery of any settlement or Judgment in the pursuit of her injury claim with reimbursement of certain expenses.

16. The attorney fees that Lanzotti & Rau, LLC is entitled to under said contract and lien for attorney's fees is Seventeen Thousand Dollars ($17,000.00).

17. The attorney expenses that Lanzotti & Rau, LLC has expended in its pursuit of Plaintiff's personal injury claim and its lien for attorney expenses is in excess of Six Hundred Eighteen Dollars and Seventeen Cents ($618.17).

18. The total lien for attorney's fees and expenses is in excess of Seventeen Thousand Six Hundred Eighteen Dollars and Seventeen Cents ($17,618.17).

19. Pursuant to 42 C.F.R. 411.37(a), "Medicare reduces its recovery to take account of the cost of procuring the judgment or settlement." 42 C.F.R. 411.37(a) (2012).

20. Pursuant to *Bradley v. Sebelius,* 621 F.3d 1330 (11th Cir. 2010), the amount that Defendant Medicare is paid out of the settlement proceeds can be determined by the Court.

21. Further, Medicare Secondary Payer issues are exclusively within the province of the federal courts. *Warren v. Secretary of HHS,* 868 F.2d 1444 (5th Cir., 1989).

22. Pursuant to Section 208.215 RSMo a Court can reduce the amount claimed by Defendant Medicaid to the settlement proceeds.

23. The Court has jurisdiction and authority to reduce and or apportion the lien claims of Defendant Medicaid, Defendant MoDelta and Defendant Dr. Sanders pursuant to Section 208.215 RSMo (2000) and Section 430.225 et. seq. RSMo (2000).

24. Therefore, this Court has jurisdiction and authority to reduce and or apportion Defendant Medicare's claims, Defendant Medicaid's claims, Defendant MoDelta's claims and Defendant Sanders' claims.

25. That Defendant Medicare, Defendant Medicaid, Defendant MoDelta and Defendant Dr. Sanders have made claims to the insurance proceeds and these claims are adverse to each other.

26. That Defendant Medicare, Defendant Medicaid, Defendant MoDelta and Defendant Dr. Sanders' claims are in excess of the total amount of insurance proceeds available.

27. Plaintiff, her attorneys and the Defendants herein are the only individuals or entities with claims to the proceeds of any Judgment or settlement for the medical care and services rendered to Plaintiff as a result of the injuries she sustained in said motor vehicle accident.

28. The claims of the Defendants to the insurance proceeds is such that there is substantial doubt as to who has the right to the insurance proceeds and in what amounts and because of such doubt Plaintiff is exposed to double or multiple liability.

29. Plaintiff seeks an apportionment of the settlement proceeds that is fair and equitable considering the nature and extent of her injuries, economic and non-economic losses and the amount of the insurance proceeds.

30. Plaintiff has exhausted her administrative remedies with Defendant Medicare as the doctrine of futility applies as Medicare has failed and/or refused to resolve her final appeal with it at the Departmental Appeals Board – Medicare Appeals Counsel and the same has been pending there since February 25, 2019. A copy of the acknowledged receipt of the appeal is attached hereto as Exhibit E and is incorporated herein by reference.

WHEREFORE, Plaintiff prays for an Order of the Court distributing the insurance proceeds in a manner to be determined by the Court; for an Order absolving Plaintiff of any and all liability for any deficiency owed to any of the Defendants; or, for such other and further relief as the Court deems just.

Respectfully Submitted,

LANZOTTI & RAU, LLC

_____
DANIEL H. RAU      #48880MO
615 N Broadview
P.O. Box 1060
Cape Girardeau, MO 63701
Phone: 573-335-9300
Fax: 573-803-0999
Email: drau@semoinjuryhelp.com
ATTORNEYS FOR PLAINTIFF