UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **NIKKCO L. FORTNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:21-CV-00129 SNLJ |
| | ) |
| **XAVIER BECERRA, SECRETARY,** | ) |
| **U.S. DEPT. OF HEALTH AND HUMAN** | ) |
| **SERVICES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This case comes before the Court on a motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction. Plaintiff has responded, defendants have replied, and the matter is ripe for disposition.

**I. Factual Background**

After plaintiff was injured in a vehicle accident, she received medical treatment from defendants Missouri Delta Medical Center and Dr. Sanders. Defendants United States Department of Health & Human Services ("Medicare") and Missouri Department of Social Services – MO Healthnet Division ("Medicaid") paid the treatment costs. Through counsel, plaintiff reached a settlement with the tortfeasor's insurance carrier, which tendered its $51,000 policy limit. All defendants, as well as plaintiff's lawyers, then obtained liens against the insurance proceeds. Plaintiff filed a complaint in this Court seeking equitable distribution of the proceeds, because the total amount of the liens exceeded the insurance proceeds. *See Fortner v. Price*, 2017 WL 1177712, at *1 (E.D.

Mo. 2017) (*Fortner I*). The Court dismissed the complaint for lack of subject matter jurisdiction, rejecting plaintiff's argument that the Medicare Act did not apply and noting that plaintiff had wholly failed to exhaust her administrative remedies. *Id.* at *3.

Several years later plaintiff filed the instant complaint, again seeking equitable distribution of the insurance proceeds. In support, she contends that (1) §§ 208.215 and 430.225 RSMo. vest the Court with authority to reduce or apportion the lien claims, and (2) exhaustion of remedies is futile as her final appeal with Medicare's Appeals Board has been pending since February 25, 2019, and the agency "has failed and/or refused" to rule on the appeal. She attaches and incorporates by reference a date-stamped copy of a letter from Medicare acknowledging her appeal of the administrative law judge's order. [Doc. 1 ¶¶ 22, 23, 30.] Defendants Medicare and Medicaid move to dismiss arguing that, as in *Fortner I,* that the Court lacks subject matter jurisdiction for lack of administrative exhaustion.

### II. Legal Standard

Under Rule 12(b)(1), a district court must dismiss a case if the court lacks subject matter jurisdiction over the matter. "The burden of proving subject matter jurisdiction falls on the plaintiff." *V S Ltd. Partnership v. Department of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). As the Court held in *Fortner I,* plaintiff's claim arises under the Medicare Act and thus the Court has jurisdiction only after exhaustion of all administrative remedies. *Fortner I,* at *3. That holding was essential to the judgment in *Fortner I* and may not be relitigated in this complaint. Specifically, "[i]ssue preclusion, also known as collateral estoppel, bars relitigation of a

2

question of law or fact in a subsequent proceeding between the same parties if in the first proceeding, the 'issue . . . is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment.'" *Fofana v. Mayorkas*, 4 F.4th 668, 670 (8th Cir. 2021) (quoted case omitted). As to waiver of administrative exhaustion, "[c]ourts cannot waive the jurisdictional presentment requirement, but may, in exceptional circumstances, waive the exhaustion of administrative remedies requirement." *Degnan v. Burwell*, 765 F.3d 805, 808 (8th Cir. 2014) (cited case omitted. Specifically, courts "may waive the exhaustion requirement if the claimants establish: '(1) their claims to the district court are collateral to their claim of benefits; (2) that irreparable injury will follow; and (3) that exhaustion will otherwise be futile.'" *Id.* (quoted case omitted).

### III. Discussion

Preliminarily, plaintiff contends that the Court should strike the motion to dismiss, because it fails to comply with Federal Rule of Civil Procedure 10(b), which requires a "party to state its claims or defenses in numbered paragraphs." Rule 10(b) is, however, inapposite. Its purpose is to give defendants fair notice of the claims against them, *see Stanard v. Nygren,* 658 F.3d 792, 797 (7th Cir.2011) (citations omitted); and the rules governing Rule 12(b) motions do not require numbered paragraphs for the benefit of the non-moving parties. Therefore, the Court will not strike defendants' motion to dismiss.

As to the merits, plaintiff's citation to Missouri statutes is unavailing, because the Medicare Act, not state law, governs judicial review of the claim, and she may not relitigate the issue here. *See Fofana,* 4 F.4th at 670. Plaintiff also cites to *Bradley v.*

3

*Sebelius,* 621 F.3d 1330 (11th Cir. 2010), and *Warren v. Secretary of HHS,* 868 F.2d 1444 (5th Cir. 1989) (per curiam), in support of this Court's authority to apportion the settlement proceeds.  But again, she may not seek to relitigate the holding in *Fortner I* that the Medicare Act governs this case and thus administrative exhaustion is a prerequisite to subject matter jurisdiction.[1]

As to plaintiff's contention that exhaustion is futile, she does not cite to legal precedent holding that delay in resolving an appeal *per se* shows futility, and her contention that Medicare "has failed and/or refused" to rule is conclusory.  *See Schoolcraft v. Sullivan*, 971 F.2d 81, 87 (8th Cir. 1992) ("Exhaustion would be futile if the challenged policy could never be judicially reviewed.")  But more important, futility does not by itself justify waiver of exhaustion.  Plaintiff also must show that her claim before this Court is collateral to the claim before the agency, and that she will suffer irreparable injury.  *See Degnan,* 765 F.3d at 809.  Plaintiff does not acknowledge, much less address, either of these requirements.  Further, it appears that the issue before the Court and the agency are the same--reducing the amount of insurance proceeds subject to the government's lien--and nothing in the complaint suggests plaintiff is in danger of irreparable injury.  Thus, the Court declines to waive exhaustion of administrative remedies.

---

[1] In any event, as discussed in *Fortner I, Bradley* is inapposite because the claimants in that case complied with the Medicare Act before seeking judicial review. *Fortner I,* at *3.  Similarly in *Warren*, the claimants also exhausted their remedies. *See Warren,* 868 F.2d at 1445.

Finally, in her reply brief, plaintiff "denies any alleged statement of fact" in defendants' motion and "disputes any argument in support of [it]"; and she requests a hearing. Defendants do not, however, make any statement of fact--they make legal arguments based on the facts that plaintiff alleges--and plaintiff's generalized dispute of any argument in support of dismissal raises no meaningful point for the Court to review. As to the request for a hearing, the pleadings adequately inform the Court as to the legal issues before it.

### IV. Conclusion

This Court does not have subject matter jurisdiction over this case because plaintiff still has failed to comply with the requirements of the Medicare Act, and there is no basis for waiving administrative exhaustion.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss for lack of subject matter jurisdiction is **GRANTED**; and

**IT IS FURTHER ORDERED** that plaintiff's request for a hearing is denied.

So ordered this 2nd day of August, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE